UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No.  12cv2784 (JNE/LIB)

Raymond L. Semler,

        Plaintiff,                            **REPORT AND RECOMMENDATION**

        v.

Beth Williams,
Commissioner of Crow Wing County Social Services,
Dale Parks,
Crow Wing County Social Services Financial
Assistance Supervisor III,
Judy Miller,
Crow Wing County Social Services Financial Worker,
Bonnie Peterson,
Crow Wing County Social Services Financial Worker,
Sheri Gunderson,
Crow Wing County Social Services Supervisor,
Lucinda Jesson,
Commissioner of Minnesota Dept. of Human Services,
in their individual and official capacities.

        Defendants.

_____

Raymond L. Semler, *pro se*

Corrie A. Oberg, Assistant Attorney General, on behalf of Defendant Lucinda Jesson.

Jessica A. Ommen and James R. Andreen, Esqs., on behalf of Defendants Beth
Williams, Dale Parks, Judy Miller, Bonnie Peterson, and Sheri Gunderson.
_____

Leo I. Brisbois, United States Magistrate Judge.

      This matter is before the undersigned United States Magistrate Judge on

Defendant Jesson's motion to dismiss [Doc. No. 7] and Defendants Williams', Parks',

Miller's, Peterson's, and Gunderson's ("the County Defendants") motion to dismiss.

1

[Doc. No. 13]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant Jesson's motion to dismiss be granted [Doc. No. 7]; and Defendants Williams', Parks', Miller's, Peterson's, and Gunderson's motion to dismiss be granted [Doc. No. 13].

## I. BACKGROUND

### A. The Complaint

This case arises out of the denial of Semler's May 2010 and subsequent applications to Crow Wing County Social Services ("the county agency") for general and medical assistance ("GA" and "MA"), based on Semler's refusal to supply a copy of his 2009 federal tax return. The May 2010 county agency decision was affirmed by the Minnesota Court of Appeals in September 2011. County agency denials of Semler's subsequent applications for GA/MA assistance were affirmed by the Crow Wing County District Court based on the Minnesota Court of Appeals decision.

Plaintiff Raymond Semler ("Semler") is civilly committed in the Minnesota Sex Offender Program ("MSOP"). (Compl. § 1, ¶ 1.) Semler received a recertification application from Crow Wing County Social Services in May 2010 to qualify for general/medical assistance. (Compl. § IV, ¶ 1.) Semler returned the application with his patient account statement from MSOP. (*Id.*) Semler also received his 2009 federal tax return in May 2010. (*Id.*) Crow Wing County Social Services asked Semler for a copy of his 2009 federal tax return but he did not provide it. (*Id.*, ¶ 2.) Defendant Bonnie Peterson terminated Semler from receiving general/medical assistance based on inconsistencies between his tax refund and his earned income in 2009. (*Id.*, ¶ 1.)

Semler was not actually receiving general/medical assistance at the time of termination; he last received general assistance in 2006. (*Id.*)

Prior to filing his civil rights complaint in this Court on November 1, 2012, Semler appealed the county agency decision to terminate his general and medical assistance. (Compl. § IV, ¶ 2; Affidavit of Jessica Ommen ("Ommen Aff.") [Doc. No. 15-1] ¶ 3, Ex. C.) Semler appealed the decision through the administrative appeal process, then to Crow Wing County District Court, the Minnesota Court of Appeals, and the Minnesota Supreme Court. (*Id.*) The Minnesota Court of Appeals affirmed the County's decision on September 19, 2011, and the Minnesota Supreme Court denied review on November 15, 2011. (Ommen Aff., ¶ 3, Exs. A, B.)

The Minnesota Court of Appeals found the county agency did not violate Minn. Stat. § 256.028 because it did not count Semler's tax refund as income or an asset. *Semler v. Crow Wing County Social Services et al*, No. A11-642, 2011 WL 4346347 at *2 (Minn. Ct. App. Sept. 19, 2011)). The county agency only wanted to see his tax return to verify eligibility for benefits because it believed his refund amount was inconsistent with his reported income. (*Id.*)

The Minnesota Court of Appeals also rejected Semler's argument that he had "an ongoing property interest and legitimate claim of entitlement to general-assistance benefits." (*Id.* at *3) The Minnesota Court of Appeals held that, pursuant to Minn. R. 9500.1206, sub. 28d; 9500.1215, subp. 4C, Semler did not have a property interest in general assistance benefits because he refused to cooperate with further investigation to verify his eligibility after the county received information that was inconsistent with information on his application. (*Id.*)

Finally, the Minnesota Court of Appeals denied Semler's claim that the county violated The Rehabilitation Act, 29 U.S.C. § 794(a)(504) (2006) by terminating his general assistance benefits due to his mental illness. (*Id.*) The court rejected this claim for a number of reasons, including Semler's failure to identify a disability that prevented him from providing a copy or release of his 2009 tax return to the county. (*Id.*)

While Semler's appeal before the Minnesota Court of Appeals was pending, he reapplied for general/medical assistance in June 2011; his application was granted, and he received benefits for the months of June, July, August and September 2011. (Compl. § IV, ¶ 3.) Defendant Judy Miller found that Semler was eligible for benefits. (*Id.*) Later, Semler was notified that he would not receive his payment in October 2011, due to the Minnesota Court of Appeals decision regarding his earlier termination of benefits. (*Id.*) Semler appealed this decision. (*Id.*)

A hearing was held on Semler's appeal by telephone conference on October 25, 2011. (Compl. § IV, ¶ 4.) Defendants Dale Parks and Judy Miller were involved in the hearing before Human Services Judge Patrick Kontz. (*Id.*) The county agency agreed that Semler's 2009 income was irrelevant to his eligibility for benefits in 2011, but found it was necessary for Semler to provide his 2009 tax return to indicate his sources of income; for example, to see if he had an income producing asset. (*Id.*) Semler's appeals were denied at all levels of the agency administrative procedures and by the Crow Wing County District Court. (*Id.*, ¶¶ 4, 15.)

On October 3, 2011, Semler received a letter from Defendant Parks notifying him that his case was opened in error, and Semler would not be eligible for benefits before submitting his 2009 tax return. (*Id.*, ¶ 5.) Semler continued to apply for and was denied

general/medical assistance, and Defendant Parks appeared at the hearings on appeal. (*Id.*, ¶ 6.) In a March 26, 2012 hearing on one of Semler's appeals, Defendant Parks contended that the county still needed Semler's 2009 tax information to determine if he had an asset that was producing income in 2011-2012. (*Id.*)

Semler alleges he is the only person within the MSOP facility who has been forced to supply his 2009 federal income tax return to Defendants to qualify for general/medical assistance, not only for 2010 but for subsequent years. (*Id.*, ¶ 8.) Semler contends he is entitled to preliminary injunctive relief because Defendants have effectively permanently terminated his benefits. (*Id.*, ¶ 9.) Semler alleges Defendant Parks stated he would deny any and all applications Semler filed. (*Id.*, ¶ 12.) Semler contends this violates his right to procedural due process. (*Id.*) Semler received another denial of his benefits application from a Human Services Judge on June 5, 2012, based on previous denials and the September 19, 2011 Minnesota Court of Appeals decision. (*Id.*, ¶ 14.)[1] Although the Crow Wing County District Court is not a defendant in this action, Semler asserts it and the county agency [also not a party] violated his right to procedural due process and equal protection by barring him from ever receiving general assistance while he is civilly committed. (*Id.*, ¶ 15.)

Semler alleges Defendant Jesson is responsible for administering general and medical assistance according to law and agency rules, and she knew or should have known of the alleged violations but failed or refused to stop the violations. (*Id.*, ¶ 16.)

---

[1] Semler alleges the denials of his appeals by Human Services Administrative Law Judges ("ALJ") were erroneous and violated his Fourteenth Amendment right to an impartial decisionmaker. (Compl. § 4, ¶ 14.) However, Semler has not named the Human Services Administrative Law Judges as defendants in this case and has not alleged how any particular ALJ was impartial. This claim, to the extent it can be construed against any Defendant in this case, should be dismissed.

Semler alleges Defendant Beth Williams is the Commissioner of Crow Wing County Social Services, and as such, she knew or should have known of the alleged violations and failed or refused to stop the violations.  (*Id.*, ¶ 17.)

Semler also alleges continued violation of Minn. Stat. § 256.028, which provides that federal or state tax rebates are not counted as income or as an asset for purposes of any of the public assistance programs under this chapter or any other chapter.  (*Id.*)  Semler alleges Defendants violated and continue to violate 28 U.S.C. § 6103, which generally provides that tax returns and return information shall be confidential, except as authorized under that title.  (*Id.*)  Semler alleges Defendants violated Minn. Rule 9500.1223, which excludes federal income tax refunds as income for general assistance.  (*Id.*, ¶ 19.)  Semler alleges the defendants and the Crow Wing County District Court, by virtue of its recent order, deprived him of his right to appeal future denials of his general/medical assistance claims.  (*Id.*)  Semler requests all appropriate injunctive relief and money damages.  (Compl., § 5.)

### B.  Motions to Dismiss

Defendant Jesson moves to dismiss for the following reasons:  1) Eleventh Amendment immunity; 2) no personal involvement; 3) failure to state a due process claim under the Fourteenth Amendment; 4) failure to state an equal protection claim under the Fourteenth Amendment; and 5) qualified immunity.  (Def. Lucinda Jesson's Mem. of Law in Supp. of her Mot. to Dismiss [Doc. No. 9]).

The County Defendants move to dismiss for the following reasons:  1) failure to state a Fourteenth Amendment due process violation; 2) res judicata, collateral estoppel or the Rooker Feldman doctrine; 3) failure to state a Fourteenth Amendment equal

protection claim; 4) failure to state official capacity claims; and 5) qualified immunity. (County Defs' Mem. of Law in Supp. of their Mot. to Dismiss Pl's Compl. ("County Defs' Mem.") [Doc. No. 14.])

## II. DISCUSSION

The County Defendants argue the Court should dismiss Semler's due process claims under the *Rooker-Feldman* doctrine, res judicata or collateral estoppel because the Minnesota Court of Appeals "affirmed Defendants' judgment under the very same contentions Semler makes here." (County Defs' Mem. at 6, n. 1). Unlike the *Rooker-Feldman* doctrine, the doctrines of res judicata and collateral estoppel are affirmative defenses that are not jurisdictional. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("[p]reclusion, of course, is not a jurisdictional matter.") *Rooker–Feldman* does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court," because "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party. . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293). This Court must determine which, if any, of Semler's claims fall under these separate doctrines.

### A. Res Judicata

#### 1. Legal Standard

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect that it would be given under the law of the state where judgment was entered. *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010). Therefore, Minnesota rules of preclusion (claim preclusion/res judicata and issue preclusion/collateral estoppel) apply in federal court cases involving a prior Minnesota state court judgment. *Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011). In Minnesota, "[r]es judicata precludes parties from raising subsequent claims in a second action when: '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Semler v. Klang*, 603 F.Supp.2d 1211, 1224 (D.Minn. 2009) (quoting *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.,* 732 N.W.2d 209, 220 (Minn. 2007) (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).

In Minnesota, a state court judgment is final when decided by the Minnesota Court of Appeals, and after the Minnesota Supreme Court denies review of the Plaintiff's petition. *Id.* However, claims do not arise out of the same set of factual circumstances if the "right to assert the second claim did not arise at the same time as the right to assert the first claim." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Care Inst., Inc.-Roseville v. County of Ramsey*, 612 N.W.2d 443, 447 (Minn. 2000).

### 2.    Claims Barred Under Res Judicata

The defendants in the Minnesota Court of Appeals case were Crow Wing County Social Services and the Minnesota Department of Human Services. *Semler*, 2011 WL

4346347 (Mn Ct. App. Sept. 19, 2011).  Here, Semler has sued Jesson, the Commissioner of the Minnesota Department of Human Services; and the remaining defendants are employed by Crow Wing County Social Services.  (Compl., § IV, ¶ 7.)  Suing these defendants in their official capacities is the same as suing their government employers.  *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) ("[a] suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).  Thus, the claims against Defendants in their official capacities should be addressed under the doctrine of res judicata because the parties are in privity.  *See Headley v. Bacon*, 828 F.3d 1272, 1279 (8th Cir. 1987) ("[l]itigation involving the government is generally binding with respect to governmental officials who are sued in their official capacities in later actions.")  However, there is no privity between a government employer and the employee in his individual capacity.  *Id.*  Thus, Semler's individual capacity claims are not governed by res judicata.

Semler's claims before the Minnesota Court of Appeals involved the same set of factual circumstances as Semler alleges in Paragraphs 1, 2 and 9 of his complaint in the present case.  The Minnesota Court of Appeals held that Semler did not have a protected property interest in GA/MA assistance.  *Semler*, 2011 WL 434463447 at *3.  The court reasoned that Semler's earlier eligibility for benefits did not create a protected property interest because, under Minnesota law, he failed to redetermine eligibility by failing to release a copy of his 2009 federal tax return.  *Id.*  Although the court did not refer to Semler's claim as a federal constitutional due process claim, it is clear by the court's reliance on a U.S. Supreme Court case, describing how a protected property

interest arises under the Due Process Clause of the Fourteenth Amendment, that the Minnesota Court of Appeals held Semler's due process rights were not violated. *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972)). *See Semler*, 603 F.Supp.2d at 1225 (res judicata applied where the plaintiff did not expressly plead claims under Section 1983 and the Minnesota Constitution in the state court action where the second claim arose out of identical factual circumstances.) Semler's due process claims against Defendants in their official capacities in Paragraphs 1 and 2 of his complaint are precluded by res judicata to the extent those claims are based on denial of the same GA/MA application at issue before the Minnesota Court of Appeals. Semler's claims about denials of his subsequent GA/MA applications are not precluded by res judicata.

The Minnesota Court of Appeals also held:

> [T]he records shows that the county did not count the refund as income or an asset and did not terminate Semler's general-assistance benefits because he received the refund. Only after Semler failed to produce his tax return, which prohibited the county from investigating the matter and determining whether Semler remained eligible, did the County terminate his general-assistance benefits. Because the county did not violate Minn. Stat. § 256.028, and because Semler failed to satisfy his burden for eligibility under the Minnesota Rules, we conclude that the commissioner did not err in terminating Semler's general-assistance benefits.

*Semler*, 2011 WL 4346347 at *2. Paragraph 9 of Semler's complaint arises out of the same factual circumstances. Semler alleges:

> Defendants' proposed reduction in Plaintiff's monthly general assistance benefits effective June 1, 2010, involving the manner in which Defendants intended to compute and use Plaintiff's federal income tax return as unearned income to deny him benefits when he has no income violates federal

law and the Procedural Due Process clause of the
Fourteenth Amendment.

(Compl., ¶ 9.)  Therefore, Plaintiff's claims that Defendants, in their official capacities,
violated Minn. Stat. § 256.028 and the Minnesota Rules by denying his 2010 application
for GA/MA assistance are precluded by res judicata.  However, Semler also alleged in
Paragraph 9 of his complaint that Defendants permanently terminated his benefits.  The
claims based on subsequent conduct of Defendants, not addressed by the Minnesota
Court of Appeals, are not barred by res judicata because the claims are not subject to a
final state court judgment.

### B.    Collateral Estoppel

Under Minnesota law, collateral estoppel precludes:

> relitigation of an issue in a subsequent lawsuit where the
> following elements are met: 1) the issue must be identical to
> one in a prior adjudication; 2) there was a final judgment on
> the merits; 3) the estopped party was a party or was in privity
> with a party to the prior adjudication; and 4) the estopped
> party was given a full and fair opportunity to be heard on the
> adjudicated issue.

*Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 966 (8th Cir.
2010).  Collateral estoppel is different from res judicata because under collateral
estoppel, only the only estopped party is required to be a party to or in privity with a
party to the prior adjudication.  Thus, unlike res judicata, collateral estoppel applies to
Semler's  individual capacity claims.

Collateral estoppel bars Semler's individual capacity claims in Paragraphs 1 and
2 of his complaint because the Minnesota Court of Appeals held Semler did not have a
protected property interest in GA/MA assistance, the identical issue Semler must
establish here to succeed on his due process claim.  *See Bd. of Regents v. Roth*, 408

U.S. 564, 576-77 (1972) (the requirements of procedural due process apply only to protected interests under the Fourteenth Amendment; protected property interests in welfare benefits are defined by statutory and administrative standards defining eligibility for them). The Minnesota Court of Appeals also held that the county and state agencies did not violate Minn. Stat. § 256.028 and related Minnesota Rules, as Semler alleges in Paragraph 9 of the complaint. This individual capacity claim is also precluded under collateral estoppel. However, the Minnesota Court of Appeals did not address Semler's claim that Defendants violated his due process rights by permanently terminating his benefits. That claim is not precluded by collateral estoppel.

### C. Rooker-Feldman

#### 1. Legal Standard

Under the *Rooker-Feldman* doctrine, with the exception of habeas corpus petitions, lower federal courts do not have subject matter jurisdiction to review state court decisions. *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004). The United States Supreme Court has exclusive federal jurisdiction to review most state court judgments. 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine is narrow; it applies "only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "Application of the *Rooker-Feldman* doctrine does not depend on a final judgment on the merits of an issue, *Charchenko [v.*

*City of Stillwater],* 47 F.3d [981], 983 n. 1 [8th Cir. 1995], nor is there a procedural due process exception to the doctrine. *Postma [v. First Federal Sav. & Loan of Sioux City,* 74 F.3d [160], at 162 n. 3 [8th Cir. 1996]." *In re Goetzman*, 91 F.3d 1173, 1178 (8th Cir. 1996).

Semler alleges in his present complaint that he was denied due process based on Defendants denial of his post-2010 applications for GA/MA. Denials of his post 2010 GA/MA applications were affirmed at the state trial court level. Thus, the *Rooker-Feldman* doctrine is applicable.

Semler alleged in Paragraphs 15 and 16 of his complaint:

> 15. On October 8, 2012 Plaintiff received an Order from Crow Wing County District Court denying Plaintiff's general assistance appeals. . . . The District Court and the county agency have stated that Plaintiff is barred from ever receiving general assistance while he is civilly committed. These orders are in violation of State and Federal Law and are unconstitutional as applied to Plaintiff. . . . The recent State District Court decision took away Plaintiff's statutory rights without affording him Procedural Due Process and Equal Protection. . .

> 16. . . . Semler has applied, and reapplied for general assistance, only to be denied several times by the county agency (Defendants) and recently through the State District Court in Crow Wing County. . . .

In Paragraph 19 of his complaint, Semler alleged:

> . . . Defendants and the Crow Wing County District Court continue to violate Semler's Procedural Due Process and Equal Protection rights, as the District Court recently held because Semler exercised his statutory right to appeal the county agency's decision when being denied benefits, his present and future claims are barred by the doctrine of res judicata. . . . Because of the district court's recent order, Semler has been illegally and punitively deprived of these rights in violation of Procedural Due Process and Equal Protection.

In Paragraph 20 of his complaint, Semler alleges he has exhausted all of his administrative remedies through the state courts and through the appeals process according to Minnesota Statutes.

Although the defendants in this case are state and county government employees in their individual capacities, it is clear that these due process injuries described by Plaintiff are caused by state court judgments, and relief for the due process claims would require this court to reject the state district court decisions.[2] According to Paragraph 20 of Plaintiff's complaint, he has appealed all of his GA/MA assistance administrative denials that are the subject of his present due process claims in state court. Thus, these claims are barred by the *Rooker-Feldman* doctrine.[3] Semler's claims for prospective relief against continuing violations, those occurring after he filed his complaint in this court in November 2012, are distinguishable because he alleges Defendants are violating his due process rights by continuing to deny his GA/MA assistance applications. Claims that individual defendants' actions in obtaining and enforcing a state court decision are not the same as claims that the state court decision was erroneous, and such claims are not precluded by the *Rooker-Feldman* doctrine. *MSK Eyes Ltd. v. Wells Fargo Bank, Nat. Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008). Furthermore, the *Rooker-Feldman* doctrine does not bar Semler's equal protection claims because his claims involve the manner in which Defendants allegedly

---

[2] The state court decisions described in the complaint were not provided to this Court by any party.

[3] The *Rooker-Feldman* doctrine does not bar constitutional claims based on administrative agency decisions that are not the subject of a state court judgment. *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004).

applied Minnesota statutes and rules regarding eligibility for GA/MA assistance differently to him and similarly situated individuals in the MSOP program.

### C.    Motion To Dismiss Standard of Review

The Court takes judicial notice of the state court decisions attached as exhibits to the County Defendants' Motion to Dismiss.[4] Furthermore, the Court finds the state court decisions and the agency decisions submitted as exhibits to the County Defendants' motion to dismiss are "necessarily embraced by the pleadings" and reference to those exhibits does not require the Court to convert Defendants' motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Ross v. Felstead*, Civ. No. 04-2695 (PAM/RLE), 2006 WL 2707344, at *6 (D.Minn. Sept. 19, 2006) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see*, *Enervations, Inc. v. Minnesota Mining and Manufacturing Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4]    Jessica Ommen, counsel for the County Defendants, attached copies of the following documents to her affidavit in support of the County Defendants' Motion to Dismiss: 1) Exhibit A: *Semler v. Crow Wing County Social Services*, (A11-642, Minn. Ct. App. Sept. 19, 2011); 2) Exhibit B: *Semler v. Crow Wing County Social Services*, (A11-642, Minn. Nov. 15, 2011). She also attached copies of two county agency decisions: Exhibit C, *In the Appeal of Raymond Semler*, Docket No. 128828 (Minn. Dept. of Human Services, Nov. 2, 2011) and 2) Exhibit D, *In the Appeal of Raymond Semler*, Docket No. 132008 (Minn. Dept. of Human Services, Mar. 1, 2012).

alleged." *Id.* A pleading is insufficient if it offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 555).

## B. Defendant Jesson's Motion to Dismiss

### 1. No Personal Involvement

For relief under 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a constitutional right,[5] (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *McDonald v. City of Saint Paul*, 679 F.3d 698, 704 (8th Cir. 2012) (quoting *Shrum ex rel Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted)). There is no vicarious liability for actions under 42 U.S.C. § 1983. *Beard v. Lockhart*, 716 F.2d 544, 545 (8th Cir. 1983), and the doctrine of respondeat superior does not apply to actions under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 659, 691 (1978). Thus, to state a claim under § 1983, Semler must show the individual defendant was directly and personally involved in the alleged misconduct. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.")

Semler's allegations that Jesson, as the Commissioner, knew or should have known of the alleged violations but failed or refused to stop them does not allege the

---

[5] There is also liability under 42 U.S.C. § 1983 for violation of rights secured by the laws of the United States. *Jones v. Gutschenritter*, 909 F.2d 1208, 1211 (8th Cir. 1990).

type of personal involvement for which Jesson could be held liable for a constitutional violation under § 1983. Semler does not allege facts in his complaint indicating that Jesson had any personal role in the denial of his claims. *See Williams v. Ludeman,* 469 Fed.Appx. 500, 501 (8th Cir. 2012) (per curiam) (denying section 1983 claims against Commissioner of Human Services where plaintiff failed to present evidence that defendant acted in other than a supervisory capacity); *Clemmons*, 477 F.3d at 967 ("a Warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.") (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Therefore, the claims against Jesson should be dismissed.

### C.     The County Defendants' Motion to Dismiss

#### 1.     Failure to state an equal protection claim

The Equal Protection Clause of the Fourteenth Amendment precludes a State from denying any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, § 1. To state a claim under the Equal Protection Clause, a plaintiff must demonstrate that the defendants treated him differently than similarly situated individuals. *McDonald*, 679 F.3d at 705. The two groups must be similarly situated "in all relevant respects." *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004).

Semler alleged that other persons in the MSOP program who applied for GA/MA assistance were not required to supply their federal income tax return information to be eligible for benefits. However, Semler has not alleged that any other person had a federal tax refund that was inconsistent with the person's reported income when seeking GA/MA benefits. Thus, Semler has not established the "similarly situated"

threshold element of an equal protection violation, and his equal protection claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 2. Failure to state a due process claim

As discussed above, Semler's claims that Defendants continue to deny his due process rights by continuing to deny his GA/MA applications based on the Minnesota Court of Appeals September 2011 decision are not barred by the *Rooker-Feldman*, res judicata or collateral estoppel doctrines. However, Semler's allegations fail to state a due process claim. Under the Fourteenth Amendment of the U.S. Constitution, no State may "deprive any person of life, liberty, or property, without due process of law." To state a procedural due process claim, a plaintiff must establish that he has a protected interest, and that he was denied the process due to him in depriving him of that interest. *Krentz v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000). The Fourteenth Amendment establishes the right "to whatever process is due;" it does not turn every state-law violation into a substantive due process claim. *Austell v. Sprenger*, 690 F.3d 929, 937 (8th Cir. 2012) (quoting *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993)).[6] In other words, deprivation of a protected interest alone does not establish a due process claim under the Fourteenth Amendment.

Even if this Court were to assume state law creates a protected property interest in any of Semler's subsequent GA/MA applications that were denied at the

---

[6]     In Paragraph 7 of his complaint, Semler alleged that his rights to procedural and substantive due process were violated. There is no substantive due process right to a property interest created under state laws and rules under the Fourteenth Amendment. *Austell v. Sprenger*, 690 F.3d 929, 937 (8th Cir. 2012).

administrative level but not yet affirmed in state court,[7] Semler's complaint does not allege a plausible claim that he was denied notice and opportunity to be heard on any such claim.  First, Semler's allegation that the state district court applied res judicata to his appeals of administrative denials[8] does not allege conduct by any of the individual defendants that prevented him from appealing when he was denied benefits.

Second, Semler has not alleged plausible, nonclusory allegations that Defendants have permanently terminated his eligibility for GA/MA assistance or that they will not allow him to file further applications or refuse to allow him to appeal at any step of the administrative appeals process.  In this regard, Semler alleged:

> On October 3, 2011, Plaintiff received a letter in the mail from Defendant Dale Parks stating . . . We are still requesting that you provide the 2009 tax return.  The Appeals Office has upheld our decision.  Until we receive the tax return or the Appeals process rules in your favor, your [sic] are not eligible as we do not know the resource(s) that have have/had available that would have been exhibited on the tax return.  We will be submitting your request for appeal to DHS.

(Compl., ¶ 5).

> Defendant Parks stated in the letter that until Plaintiff produced the 2009 federal tax return information, Plaintiff was going to be continuously denied for general assistance and medical care. . .

(Compl., ¶ 6).  In Paragraph 9 of his complaint, Semler claims to have established the likelihood of success on the merits of his claim that "Defendants' permanently terminating his benefits violates federal law. . ."

Semler further alleged:

---

[7]      Thus, such claims are not barred by the *Rooker-Feldman* doctrine as discussed in Section II(C) supra.

[8]      Compl., ¶ 19.

> Defendants have and continue to violate Plaintiff's Procedural Due Process rights by denying general assistance/medical assistance applications before they are even filed and have gone through the process. If fact, during an administrative hearing on February 15, 2012, Defendant Parks stated: . . . he has the ability to files [sic] these applications at will knowing that we're going to turn around and we're going to deny them and then they get stuck in the judicial system, but I guess that probably his right. . . . and you know you can look at the facts from the appeals court and from previous judges and based on the facts, you can make your own decision.
>
> Defendant Parks stated he would deny any and all applications Plaintiff filed as soon as they were received and processed. This is a clear violation of Plaintiff's Procedural Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution. This also violates Plaintiff's statutory rights to apply, reapply and appeal for benefits. . .

(Compl., ¶¶ 11, 12).

While these allegations plausibly allege Defendant Parks will likely deny Semler's GA/MA applications until Semler submits or releases a copy of his 2009 federal tax return or until Semler is successful on appeal, this does not establish that Semler has been or will continue to be deprived of the right to seek benefits and to appeal denials under the procedures established by Minnesota statutes and rules. At some point in the future, an administrative decision may be made that Semler's 2009 tax return is too attenuated to his income in a subsequent year to justify denial of his application. Semler's complaint does not plausibly allege that he has been denied the procedural protections of notice and opportunity to be heard on his claims for GA/MA assistance. Therefore, Semler's due process claims should be denied.

### D. State law claims

Because this Court recommends dismissing all of Semler's federal claims, this Court further recommends declining to exercise supplemental jurisdiction over Semler's remaining state court claim.[9] *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("[u]nder 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.")

### E. 26 U.S.C. § 6103

"26 U.S.C. § 6103(a), of the Internal Revenue Code 'lays down a general rule that 'returns' and 'return information' . . . shall be confidential." *Lampert v. U.S.*, 854 F.2d 335, 336 (9th Cir. 1988). "The Act creates a private cause of action by taxpayers . . . and provides for damages." (*Id.*) (citing 26 U.S.C. § 7431(c)). The Act provides exemptions for confidentiality. 26 U.S.C. § 6103(c-o). "[S]ection 6103 does not create a general prohibition against public disclosure of tax information." *Lampert*, 854 F.3d at 338.

Semler does not allege that anyone improperly publicly disclosed his federal tax return. Even if this Court interprets Semler's claim that Defendants' conduct of requiring his disclosure of his federal tax return to obtain GA/MA assistance violates 26 U.S.C. § 6013, this Court finds no authority for such a claim. *See Long v. U.S.*, 972 F.2d 1174, 1177 (10th Cir. 1992) (statute punishes disclosure not receipt of return). This claim should be dismissed.

---

[9] Semler's remaining claim is that Defendants continue to violate Minn. Stat. § 256.028 and Minnesota Rules each time they deny his GA/MA applications based on his failure to submit his 2009 federal tax return.

## III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** THAT:

1.      Defendant Jesson's motion to dismiss [Doc. No. 7] be GRANTED;

2.      The County Defendants' motion to dismiss [Doc. No. 13] be GRANTED;

3.      The Court decline to exercise supplemental jurisdiction over Semler's remaining state law claim;

4.      The case be dismissed with prejudice and judgment be entered.


Dated this **2nd** day of **August**, 2013.

/s/ Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge


### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 16, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.