UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond L. Semler,

          Plaintiff,

v.                                                                                          Civil No. 12-2784 (JNE/LIB)
                                                                                            ORDER
Beth Williams, Commissioner of Crow Wing
County Social Services, Dale Parks, Crow Wing
County Social Services Financial Assistance
Supervisor III, Judy Miller, Crow Wing County
Social Services Financial Worker, Bonnie Peterson,
Crow Wing County Social Services Financial Worker,
Sheri Gunderson, Crow Wing County Services Supervisor,
Lucinda Jesson, Commissioner of Minnesota Department
of Human Services, in their individual and official capacities,

          Defendants.

This case is before the Court on a Report and Recommendation issued by the Honorable Leo I. Brisbois, United States Magistrate Judge, on August 2, 2013. The magistrate judge recommended that Defendants' motions to dismiss Plaintiff's Complaint be granted, that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, and that the case be dismissed. Plaintiff objected and Defendants responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation [Docket No. 30].[1] Therefore, IT IS ORDERED THAT:

---

[1] In the "Conclusion" portion of his objections, Plaintiff—for the first and only time—briefly mentions amending the Complaint, citing Local Rule 15.1 as the authority for allowing him to do so. Local Rule 15.1 provides that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Plaintiff has not filed a Motion to Amend nor has he submitted a copy of the proposed amended pleading, and thus has failed to comply with this procedural requirement. *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court

1

1. Defendant Jesson's Motion to Dismiss [Docket No. 7] is GRANTED.

2. Defendants Williams, Parks, Miller, Peterson and Gunderson's Motion to Dismiss [Docket No. 13] is GRANTED.

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

4. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 3, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." (internal quotation marks omitted)); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (finding the district court did not abuse its discretion in failing to grant leave to amend where the plaintiff "merely concluded her response to the [defendant]'s motion to dismiss with a request for leave to amend" and did not submit a proposed amendment along with her motion). Moreover, Plaintiff provided no explanation as to how amending the Complaint would save any of the claims from dismissal. *See Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999) (finding no abuse of discretion where the party failed "to explain how he would amend the complaint to save the claim"). Plaintiff's request to amend, if any such request was made, is denied.